# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| PAULA SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE |
| v. ) | |
| ) | NO. 2:17-CV-00179-RWS |
| FORSYTH COUNTY SCHOOL ) | |
| DISTRICT, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM IN SUPPORT OF JOINT MOTION TO APPROVE SETTLEMENT AND FOR ENTRY OF STIPULATED JUDGMENT

The Plaintiff and Defendant in this case have jointly moved for approval of the settlement of this case as both fair and reasonable. Upon review of the proposed settlement for fairness, the parties request the court to enter a stipulated judgment, pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982). The Parties file this Memorandum in support of that motion and show the Court the following.

### I. Introduction and Background

This is an action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 207 *et seq*. ("FLSA"). Plaintiff, Paula Smith, was employed with the

1

Defendant Forsyth County School District as a secretary for approximately 8 years, ending in May 2015.  Plaintiff claims that during her employment, her meal breaks were frequently interrupted by performing job-related duties for which she was not compensated.

Plaintiff filed the instant action on September 2, 2017 seeking to recover back pay plus liquidated damages and attorney's fees.[1]  Soon after entry of a scheduling order, the Parties began to discuss settlement and were able to reach a resolution of Plaintiff's claims.  As evidenced by the release agreement filed concurrently herewith, the resolution reached will allow Plaintiff recovery of claimed back pay damages of $2,000.00.  It further allows her recovery of liquidated damages in an equal amount.  The Parties agree that this amount is fair in light of the lack of documentation about specific overtime hours Plaintiff claimed to have worked and because Plaintiff would have had to demonstrate an FLSA violation by Defendant was willful in order to recover any amount in damages due to the FLSA's statute of limitations.

As reflected in the Release Agreement, Plaintiff will also recover attorney's fees and costs of $2,900.00, an amount that was negotiated separately from Plaintiff's FLSA damages claim.

---

[1] Plaintiff also included a breach of contract claim in her Complaint based upon allegations that she was not compensated for unused leave days.  Plaintiff is no longer pursuing that claim in light of the settlement reached in this case, and the Parties stipulate to its dismissal.

2

The Parties are now moving for approval of this settlement, reflected in the Release Agreement attached to the Parties' Joint Motion, and an entry of judgment in keeping with the terms of the settlement.

## II. Argument and Authority

There are two ways in which claims under the FLSA can be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. See 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under the FLSA, an employee may settle and release her claims if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. Id.; *see also Sculte, Inc. v. Gandi*, 328 U.S. 108, 113 n. 8 (1946)("we think the requirement of pleading the issues and submitting the judgment to judicial scrutiny may differentiate stipulated judgments from compromises by the parties"); *Jarrad v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947). This request is for the Court's approval under the second of these scenarios. In supporting court approval of an FLSA settlement reached after filing a lawsuit, the Eleventh Circuit has held that:

3

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354. The settlement of this case arises out of litigation commenced by the Plaintiff who was and is represented by experienced counsel. As a result, the Court can review and approve the settlement with more assurances of its propriety. In reviewing a settlement, it is simply for the Court to determine whether the result is "fair and reasonable." In making this determination, the Court is guided by factors used in approving the settlement of class actions, including: (1) the existence of fraud or collusion behind the settlement: (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel. See *Dail v. George A. Arab Inc.*, 391 F. Supp. 2d 1142, 1145-46 (M.D. Fla. 2005)(quoting *Leverso v. Lieberman*, 18 F.3d 1527, 1531 n. 6 (11th Cir.1994)).

Moreover, "[w]hen considering these factors, [courts] should keep in mind the 'strong presumption' in favor of finding a settlement fair." *Id.* (citing *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir.1977)). To be sure, where a settlement agreement requires judicial approval, the Court's deliberations are "informed by the strong judicial policy favoring settlement, as well as the by the realization that compromise is the essence of settlement." *Bennett v. Behring Corp*, 737 F.2d 982, 986 (11th Cir. 1984). The terms of the parties' negotiated settlement are therefore entitled to careful consideration and deference:

> Consent decrees are entered into....after careful negotiation has produced agreement on their precise terms. The parties waive their right to litigate the issues involved in the case and thus save themselves the time, expense, and inevitable risk of litigation. Naturally, the agreement reached normally embodies a compromise; in exchange for the saving of cost and elimination of risk, the parties each give up something they might have won had they proceeded with the litigation.

*Carson v. Am. Brands*, 450 U.S. 79, 87 (1981)(quoting, *United States v. Armour & Co.*, 402 U.S. 673, 681 (1971); see also, *Thomas v. Louisiana*, 534 F.2d 613 (5th Cir. 1976)("settlement agreements have always been a favored means of resolving disputes. When properly arrived at, they are generally viewed as binding, final and conclusive of rights as judgment"). "Parties who agree on a consent decree are not mere supplicants for court favor." *U.S. v. City of Miami*, 664 F.2d 435, 440 (5th Cir. 1981). To the contrary, in that situation,

5

> The parties have a right to compromise their dispute on mutually agreeable terms, and those terms may include the incorporation of their settlement into a judicial decree.... "a consent decree proposed by a private defendant and a government agency in an employment discrimination case carries with it a presumption of validity that is overcome only if the decree contains provisions which are unreasonable, illegal, unconstitutional, or violate public policy."

*Id*. (quoting *U.S. v. City of Alexandria*, 614 F.2d 1358, 1362 (5th Cir. 1980)).

In this case, a review of the *Leverso* factors dictates in favor of approval of the settlement. First, the case is in litigation and both parties are represented by able counsel, which suggests by virtue of the adversarial process that there is an absence of any collusion or undue influence. There is also no reason to presume any collusion on the part of Plaintiff's counsel inasmuch as no portion of any back wages payable to Plaintiff is being paid to Plaintiff's undersigned counsel under the settlement agreement. The attorney's fees and costs were negotiated separately from Plaintiff's wage claim and are in addition to amounts being paid to Plaintiff on her underlying claim. Accordingly, the Court need not worry over the reasonableness of the attorneys' fees and/or costs. *See, e.g., Ammirati v. Lutheran Services Florida, Inc*., 2010 WL 148724 (M.D.Fla. 2010) (citing *Bonetti v. Embarq. Mgmt. Co*., 715 F.Supp.2d 1222 (M.D.Fla. 2009)). In *Bonetti*, the court held that "absent some objective basis for questioning counsel's conduct, there is simply no reason for the Court to undermine the parties' agreement." *Id*. at 1228.

Second, although Plaintiff contends that she would have prevailed at trial, the complexities and likely duration of the case could have proved to be formidable.  Much of Plaintiff's claims boiled down to her own statements regarding the actual amount of hours she worked, as against various records that showed she had not worked overtime, as well as the employer's direction that she not work overtime.  Furthermore, because Plaintiff's employment with the District ended in May 2015, she would have only been able to recover pack pay by demonstrating that Defendant's violations were "willful" pursuant to 29 U.S.C. § 255(a). Thus, Plaintiff's maximum theoretical recovery would be limited to work performed during meal breaks over an approximately 9-month period, during which time her rate of pay was $16.21 per hour.  Exploring these detailed factual disputes during a trial would add considerable expense and duration to this litigation, particularly when compared to the relatively small amount of potential recovery.  As a result, the Parties' settlement of these claims is a bona fide compromise between than that avoids the cost and time of litigation, as well as the associated risks.

Third, while the Parties have not fully completed discovery, the Parties have exchanged information and documents relating to Plaintiff's time sheets and the facts discussed above, and as a result have reached a compromise with knowledge of the most relevant facts that would otherwise be sought during the discovery

period.  Thus, the Parties are fully aware of the various risks and factual disputes that would have to be resolved in a trial.  This settlement occurring at this stage of litigation ensures that neither party is in a disadvantaged position, having had the opportunity to explore relevant information and evidence pertaining to Plaintiff's claims.

Fourth, while Plaintiff believes she has a reasonable probability of prevailing on the merits, no claim is a lock and success cannot be guaranteed.  As discussed above, there are certainly factual issues that place burdens on Plaintiff's ability to succeed at trial both in terms of the amount of claimed overtime Plaintiff actually worked and whether she could have any recovery by demonstrating a willful violation by Defendant.

Fifth, Plaintiff's own calculations place her maximum possible recovery for back pay at $3,343.92.  In consideration of the factors discussed above, the settlement reached by the parties is fair and reasonable taking into account the potential risks and likelihood of Plaintiff prevailing on the merits at trial.

Finally, as reflected by the parties Joint Motion, which has been reviewed and signed off on by experienced counsel, it is the opinion of the Parties' attorneys that this resolution is both fair and reasonable under the circumstances, and that it should be approved.

## CONCLUSION

For all of the above reasons, the Parties request that: (a) their Joint Motion be granted; (b) an Order be entered approving, as fair and reasonable, the settlement set out in the Release Agreement; and (c) a Stipulated Judgment be entered consistent with the Court's order approving the settlement.

SUBMITTED, this 16th day of February, 2018.

| | |
|---|---|
| *s/ Dean R. Fuchs* | *s/ Brian C. Smith* |
| Dean R. Fuchs | Brian C. Smith |
| Georgia Bar No. 279170 | Georgia Bar No. 001306 |
| Schulten Ward Turner & Weiss, LLP | *s/ Phillip L. Hartley* |
| 260 Peachtree Street, N.W. | Phillip L. Hartley |
| Suite 2700 | Georgia Bar No. 333987 |
| Atlanta, Georgia 30303 | Harben, Hartley & Hawkins, LLP |
| Ph: (404) 688-6800 | 340 Jesse Jewell Parkway, Suite 750 |
| Fax: (404) 688-6840 | Gainesville, Georgia 30501 |
| Email: d.fuchs@swtwlaw.com | Ph: (770) 534-7341 |
| ATTORNEY FOR PLAINTIFF | Fax: (770) 532-0399 |
| | Email: phartley@hhhlawyers.com |
| | Email: bsmith@hhhlawyers.com |
| | ATTORNEYS FOR DEFENDANT |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| PAULA SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE |
| v. ) | |
| ) | NO.  2:17-CV-00179-RWS |
| FORSYTH COUNTY SCHOOL ) | |
| DISTRICT, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2018, I electronically filed the *Memorandum in Support of Joint Motion to Approve Settlement and for Entry of Stipulated Judgment* with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorney of record:

Dean R. Fuchs – d.fuchs@swtwlaw.com

                                        HARBEN, HARTLEY & HAWKINS, LLP

                                        */s/Brian C. Smith*
                                        Brian C. Smith
                                        Georgia Bar No. 001306
                                        ATTORNEY FOR DEFENDANT
                                        FORSYTH COUNTY SCHOOL DISTRICT

340 Jesse Jewell Parkway, Suite 750
Gainesville, Georgia 30501
Telephone: (770) 534-7341
Facsimile: (770) 532-0399
Email: bsmith@hhhlawyers.com